UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ZUEGER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 09-2267-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On December 22, 2009, Robert Zueger ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on June 22, 2010. On August 31, 2010, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and the case remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff was 52 years old when he filed his application for SSI benefits on May 21, 2007. (AR 8, 99.) He was found to have the medically determinable severe impairments of schizoaffective disorder, personality disorder, anxiety disorder, and a history of methamphetamine abuse. (AR 10.) Plaintiff has not engaged in substantial gainful activity since the application date. (Id.)

Plaintiff's claim was denied initially and on reconsideration. (AR 45-51, 54-58.) He filed a timely request for hearing (AR 60), which was held before Administrative Law Judge ("ALJ") Jay E. Levine on May 21, 2009, in San Bernardino, California. (AR 15-44.) Claimant appeared and testified. (AR 18-26, 36-42.) Medical expert Dr. Joseph Malancharuvil and vocational expert ("VE") Troy Scott also appeared and testified. (AR 26-36, 42-43.)

The ALJ issued an unfavorable decision on August 19, 2009. (AR 8-14.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[1] "to perform the full range of work at all exertional levels but with the following nonexertional limitations: no work at unprotected heights or around dangerous unguarded moving machinery and mentally, work which is routine, repetitive, entry level, object oriented and not involving production quotas such as conveyor belt or piece work." (AR 11.) Based on the testimony of the VE, the ALJ also found that Plaintiff can perform his past relevant work as a maintenance worker and can perform other jobs that exist in significant numbers in the national economy. (AR 13.)

Plaintiff filed a timely Request for Review of Hearing Decision. (AR 4.) The Appeals Council denied review on November 9, 2009. (AR 5-7.) Thereafter, Plaintiff commenced the present action.

---

[1] Residual functional capacity is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as grounds for reversal are:

1. Whether the ALJ properly evaluated Plaintiff's ability to perform past work as a maintenance worker.
2. Whether the ALJ properly considered the lay witness's statement.
3. Whether the ALJ properly considered the consultative examiner's opinion.
4. Whether the ALJ properly evaluated Plaintiff's residual functional capacity.
5. Whether the ALJ posed a complete hypothetical question to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

3

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the

4

1  claimant, the burden shifts to the Commissioner to show that the claimant may perform other
2  gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a
3  finding that a claimant is not disabled at step five, the Commissioner must provide evidence
4  demonstrating that other work exists in significant numbers in the national economy that the
5  claimant can do, given the RFC, age, education, and work experience. 20 C.F.R. §
6  416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and
7  entitled to benefits. Id.

## DISCUSSION

### A. The ALJ Failed to Consider Properly the Lay Witness's Statement

On June 7, 2007, Plaintiff's girlfriend Juanita Hamlin completed a third party function report, in which she stated that she had known Plaintiff for six to seven years and that they spent most of their time together. (AR 111.) Ms. Hamlin reported that Plaintiff "lays awake all night long" and that she sometimes has "to tell him to shower and change his clothes" and take his medication. (AR 112-113.) Ms. Hamlin does all of the cooking and housework for Plaintiff. (AR 113-114.) She stated that Plaintiff "has problems remembering," watches TV "[m]ost all the time," "doesn't really go anywhere," cannot pay attention for more than five minutes, and has problems with understanding and following instructions and completing tasks. (AR 114-116.) Ms. Hamlin further stated that Plaintiff is paranoid, has panic attacks, has "real bad mood swings," and hears voices which scare him. (AR 116-117.)

Plaintiff correctly contends that the ALJ erred in failing to discuss Ms. Hamlin's statement. Lay witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his

determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

Here, the ALJ did not discuss or acknowledge Ms. Hamlin's third-party lay witness statement. This was legal error. Ms. Hamlin's statement pertained to Plaintiff's ability to work, including his difficulties concentrating, interacting with other people, and understanding or following instructions. (AR 115-117.)

The Commissioner argues that the ALJ did not actually reject Ms. Hamlin's statement because it was not necessarily inconsistent with the ALJ's finding that Plaintiff was capable of routine, repetitive, entry-level object-oriented work that did not involve production quotas. (JS 11.) The Commissioner argues that "[t]he ALJ accounted for most of Ms. Hamlin's opinion." (Id.) However, accounting for "most of Ms. Hamlin's opinion" is not sufficient. Again, Ms. Hamlin testified to severe limitations on Plaintiff's ability to concentrate, remember, follow instructions, and interact with others. Ms. Hamlin's statement was probative and was not fully accounted for in the ALJ's RFC assessment. Thus, it effectively was rejected and the ALJ was required to give reasons for doing so. See Stout, 454 F.3d at 1053.

The Commissioner also argues that the ALJ's failure to discuss Ms. Hamlin's testimony was harmless error. (JS 12.) The failure to address lay witness evidence is not harmless unless the Court can conclude confidently that no reasonable ALJ, on crediting the testimony, would reach a different disability determination. Stout, 454 F.3d at 1054-56. Here, Ms. Hamlin testified that Plaintiff cannot concentrate, cannot understand or follow instructions, is forgetful, and cannot be around other people. The VE testified, *inter alia*, that Plaintiff would not be able to work if he "would be off-task at least 20 percent of the time due to psychological based symptoms." (AR 43.) Ms. Hamlin's statement clearly pertains to Plaintiff's ability to remain "on-task" and, therefore, was relevant to the disability determination. If her testimony is credited in its entirety, the Court cannot conclude that no

1  reasonable ALJ would have reached a different disability determination.  Thus, the ALJ's
2  failure to discuss Ms. Hamlin's testimony was not harmless error.

### B. The ALJ Properly Considered the Consultative Examiner's Opinion

On July 29, 2007, Sohini P. Parikh, M.D., performed a Complete Psychiatric Evaluation of Plaintiff.  (AR 179-185.)  Dr. Parikh diagnosed Plaintiff with schizophrenia-paranoia and assigned a Global Assessment of Functioning ("GAF") score of 50 to 55.[2]  (AR 184.)  Dr. Parikh made the following assessments: (1) no mental restrictions in the claimant's daily activities; (2) moderate mental difficulties in maintaining social functioning; (3) concentration, persistence, and pace are not impaired; (4) repeated episodes of moderate emotional deterioration in work-like situations; (5) ability to understand, carryout, and remember simple instructions is not impaired; (6) ability to understand, carryout and remember complex instructions is not impaired; (7) response to coworkers, supervisors, and the general public is moderately impaired; (8) ability to respond appropriately to usual work situations is moderately impaired; (9) ability to deal with changes in a routine work setting is moderately impaired.  (AR 184-185.)

The ALJ discussed Dr. Parikh's report in detail:

> At the consultative psychiatric examination, the claimant seemed to be evasive and guarded during the interview.  He was oriented in all spheres and was depressed and anxious.  The claimant denied any feelings of hopelessness, helplessness or worthlessness and affect was blunted.  He reported having paranoid ideations but was not preoccupied with suicidal or homicidal ideation.  The claimant recalled three out of

---

[2] A GAF score of 41-50 indicates: "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders-IV-TR (4th ed. 2000) at 34.

A GAF score of 51-60 indicates: "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." Id.

>three words in one minute and two out of three in five minutes.  He could not perform serial sevens but could perform serial threes.  He was diagnosed with schizophrenia and methamphetamine abuse in the past but no mental restrictions in activities of daily living or in concentration, persistence and pace were found.  Moderate mental limitations in maintaining social functioning were found but the claimant [was] able to understand, carryout and remember simple instructions as well as complex instructions (Exhibit 2F).

(AR 12.)  Plaintiff argues that the ALJ failed to consider properly Dr. Parikh's opinion because he did not specifically address Dr. Parikh's assessment "that Plaintiff has repeated episodes of moderate emotional deterioration in the work setting, and that he is moderately impaired in his ability to respond appropriately to usual work situations, deal with changes in a routine setting, and respond to co-workers, supervisors and the public."  (JS 14.)

Plaintiff's argument is without merit.  The ALJ specifically discussed and appropriately considered Dr. Parikh's opinion regarding Plaintiff's moderate impairments, along with the rest of the medical evidence, in determining Plaintiff's RFC.  The ALJ did not reject Dr. Parikh's findings.  Rather, Dr. Parikh's assessment was consistent with the RFC.  (AR 12-13, 179-185.)  Dr. Parikh never stated that Plaintiff's moderate limitations rendered Plaintiff unable to work.  Rather, Dr. Parikh stated that Plaintiff "*might* have some moderate impairment in the ability to reason and make social, occupational, and personal adjustments" based on the nine items included in his assessment.  (AR 184 (emphasis added).)  Dr. Parikh stated that Plaintiff had moderate difficulties in maintaining social functioning, responding to co-workers, supervisors and the public, responding to usual work situations and dealing with changes in routine work situations.  (AR 184-85.)  These moderate non-exertional limitations do not necessarily preclude Plaintiff from working.  Rather, the ALJ accounted for them in the RFC, which limited Plaintiff to routine, repetitive, entry-level, object-oriented work, that did not involve production quotas or working with people.  (AR 11, 42.)

In addition, the ALJ properly relied on the opinion of the medical expert Dr. Malancharuvil in making his RFC assessment. The opinions of non-examining physicians and medical experts, when properly supported, may constitute substantial evidence upon which an ALJ may rely. See Morgan v. Comm'r of Social Security, 169 F.3d 595, 600 (9th Cir. 1999) (testifying medical expert opinions may serve as substantial evidence when supported by other evidence in the record and consistent with it). Dr. Malancharuvil reviewed the record, including Dr. Parikh's opinion. (AR 29.) He testified that Plaintiff's past methamphetamine abuse was "somewhat heavy" and may account for his hallucinations. (AR 27.) Dr. Malancharuvil diagnosed Plaintiff with a psychotic disorder, not otherwise specified, with auditory hallucinations mitigated by medication and a personality disorder. (AR 27-28.) Dr. Malancharuvil testified that Plaintiff was capable of performing more than simple work, in an object-oriented setting, and that he should avoid dealing with the public. (AR 28-29.) This assessment was consistent with Dr. Parikh's assessment. On cross-examination, Plaintiff's attorney questioned Dr. Malancharuvil about Dr. Parikh's moderate limitations and whether Plaintiff could work despite these limitations. (AR 34-35.) Dr. Malancharuvil answered affirmatively. (Id.)

Accordingly, the ALJ adequately and properly considered Dr. Parikh's evaluation and incorporated it into his RFC assessment.

### C. Further Proceedings

The Court has concluded that the ALJ erred in failing either to accept or to give germane reasons for rejecting the statement of the lay witness. In these circumstances, it is appropriate to remand this matter for further administrative proceedings. "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly

evaluated, remand is appropriate.  Id.  Here, remand is appropriate because the ALJ must address the lay witness opinion before a proper disability determination can be made.  See Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009).

There is no need to address the other disputed issues.  If the lay witness testimony is credited, the ALJ may determine that Plaintiff's RFC should be revised to reflect additional limitations.  This, in turn, may affect the ALJ's assessment of Plaintiff's ability to perform past relevant work and may require the ALJ to pose new hypothetical questions to the VE that reflect fully Plaintiff's limitations.

**ORDER**

IT IS HEREBY ORDERED that the Decision of the Commissioner of Social Security is reversed and remanded for further proceedings consistent with law and this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 12, 2010

        */s/ John E. McDermott*
        JOHN E. MCDERMOTT
        UNITED STATES MAGISTRATE JUDGE